James L. **BUCKLEY**, United States Senator from the State of New York, et al., Plaintiffs,

v.

Honorable Francis R. **VALEO**, Secretary, United States Senate, et al., Defendants.

Civ. A. No. 75–0001.

United States District Court, District of Columbia.

Aug. 15, 1975.

Probable Jurisdiction Noted Oct. 6, 1975. See 96 S.Ct. 32.

Brice M. Clagett, John R. Bolton, Arthur F. Fergenson, Washington, D. C., Ralph K. Winter, Jr., New Haven, Conn., Joel M. Gora, New York City, for plaintiffs.

Al J. Daniel, Washington, D. C., for intervening plaintiff James C. Calaway.

Dennis G. Linder, Dept. of Justice, Lloyd N. Cutler, Paul J. Mode, Jr., Patricia D. Douglas, Kenneth J. Guido, Jr., John G. Murphy, Jr., General Counsel, Federal Election Commission, Washington, D. C., Ralph S. Spritzer, Paul Bender, Philadelphia, Pa., for defendants.

G. Roger King, Washington, D. C., for amicus curiae, Senator Lee Metcalf.

Before BAZELON, Circuit Judge, and ROBINSON, Circuit Judge, and CORCORAN, District Judge.

## JUDGMENT

This action, wherein the plaintiffs seek a declaratory judgment respecting and an injunction restraining the enforcement or operation of provisions of Subtitle H of the Internal Revenue Code of 1954 on grounds of repugnance to the Constitution of the United States, having been heard on the entire record and on the briefs and oral arguments of counsel; and

This Court having considered the constitutional questions raised with respect to said provisions in light of the evidence submitted and the findings of fact made herein, and having also considered the opinion of the United States Court of Appeals for the District of Columbia Circuit and the separate opinions of judges thereof this date filed in No. 75–1061, *Buckley v. Valeo*, 519 F.2d 821, a proceeding leading to resolution by that Court of the same Subtitle H questions as well as constitutional questions pertaining to other Acts of Congress; and

This Court now adopting in toto, as a delineation of its views, the portions of the opinion of that Court which either answer the Subtitle H questions or conclude that such questions are unripe for judicial determination;

It is, this 15th day of August, 1975,

ADJUDGED and ORDERED by this Court that, for the reasons stated in the portions of the opinion of the United States Court of Appeals for the District of Columbia Circuit in *Buckley v. Valeo*, *supra*, addressing them, the questions which this Court is called upon to consider in connection with Subtitle H of the Internal Revenue Code of 1954 be and hereby are answered as follows:

1. Does § 9011(b) of the Internal Revenue Code of 1954, *as amended*, 26 U.S.C. § 9011(b), in the context of this action, require courts of the United States to render advisory opin-

ions in violation of the "case or controversy" requirement of Article III, § 2, of the Constitution of the United States?

Answer: NO

2. Has each of the plaintiffs alleged sufficient injury to his constitutional rights enumerated in the following questions to create a constitutional "case or controversy" within the judicial power under Article III?

Answer: YES, SUBJECT TO CONSIDERATIONS OF RIPENESS

3. Does any statutory limitation, or do the particular limitations in the challenged statutes, on the amounts that individuals or organizations may contribute or expend in connection with elections for federal office violate the rights of one or more of the plaintiffs under the First, Fifth, or Ninth Amendment or the Due Process Clause of the Fifth Amendment of the Constitution of the United States?

(a) Does § 9008 of the Internal Revenue Code of 1954 violate such rights, in that it limits the expenditures of the national committee of a party with respect to presidential nominating conventions? (FAC ¶¶ 59, 60, 61, 62, 63, 64, 65, 86).

Answer: NO

(b) Does § 9012 of the Internal Revenue Code of 1954 violate such rights, in that it provides that the government may bring criminal prosecutions against anyone who violates or is about to violate the provisions recited in that section? (FAC ¶¶ 78, 86, 87, 88).

Answer: UNRIPE FOR RESOLUTION

4. (a) Does any statutory limitation, or do the particular limitations in the challenged statutes, on the amounts that candidates for elected federal office may expend in their campaigns violate the rights of one or more of the plaintiffs under the First or Ninth Amendment or the Due Process Clause of the Fifth Amendment?

Answer: NO

(b) Does § 9012 of the Internal Revenue Code of 1954 violate such rights, in that it provides that the government may bring criminal prosecutions against anyone who violates or is about to violate the provisions recited in that section? (FAC ¶¶ 78, 86, 87, 88).

Answer: UNRIPE FOR RESOLUTION

5. Does any statutory provision for the public financing of political conventions or campaigns for nomination or election to the Presidency or Vice Presidency violate the rights of one or more of the plaintiffs under the First or Ninth Amendment, the Due Process Clause of the Fifth Amendment, or Article I, Section 8, Clause 1, of the Constitution of the United States? (FAC ¶¶ 79, 80, 81, 82, 86, 87, 88).

Answer: NO

6. Do the particular provisions of Subtitle H of the Internal Revenue Code of 1954 deprive one or more of the plaintiffs of such rights under the First or Ninth Amendment or Article I, Section 8, Clause 1, in that they provide federal tax money to support certain political candidates, parties, movements, and organizations or in the manner that they so provide such federal tax money? (FAC ¶¶ 79, 80, 81, 82, 86, 87, 88).

Answer: NO

7. Do the provisions in the challenged statutes concerning the powers and method of appointment of the Federal Election Commission violate the rights of one or more of the plaintiffs under the constitutional separation of powers, the First, Fourth, Fifth, Sixth, or Ninth Amendment,

Article I, Section 2, Clause 6, Article I, Section 5, Clause 1, or Article III?

Answer: NO.

Does § 9008 of the Internal Revenue Code of 1954 violate such rights, in that it empowers the Federal Election Commission to authorize expenditures of the national committee of a party with respect to presidential nominating conventions in excess of the limits enumerated therein?

Answer: NO

8. Do Internal Revenue Code of 1954 §§ 9002(2), (9); 9006(d); 9008(d)(3); 9032(2), (4), (8), and (9), and 9037 violate the constitutional rights of one or more of the plaintiffs that they are excessively vague? (FAC ¶¶ 85, 87, 88).

Answer: NO as to §§ 9002(2), 9008(d)(3); 9032(2) and (4).

UNRIPE FOR RESOLUTION as to §§ 9002(9), 9006(d), 9032(8), and (9), 9037.

and it is further

Adjudged and declared by this Court that the provisions of Subtitle H challenged in this action, which, as hereinbefore identified, are ripe for judicial determination, are consistent with the Constitution of the United States; and it is further

Adjudged and ordered by this Court that the plaintiffs be and hereby are denied the injunctive relief sought with respect to said provisions; and it is further

Adjudged and ordered by this Court that this action in all other respects be and hereby is dismissed.

### ORDER

This Court having, by order filed April 25, 1975, designated the Honorable Howard F. Corcoran, one of the judges of this three-judge Court, to identify the constitutional issues raised herein with respect to Subtitle H of the Internal Revenue Code of 1954, to take evidence and make findings of fact with reference to those issues, and to report to this Court the constitutional questions arising from those steps; and

Judge Corcoran having duly engaged in the activities aforesaid, and having by order filed May 28, 1975, duly reported to this Court his action and the constitutional questions which this Court is called upon to consider in connection with Subtitle H, and no party having objected to Judge Corcoran's action or report or having sought review thereof by the full court;

It is, this 15th day of August, 1975, by the Court

Ordered that the aforesaid action and report of Judge Corcoran be and hereby are confirmed in all respects.