Howard L. GIFFORD,
Petitioner/Appellant,

v.

Robert O. TIERNAN, Chairman, Federal
Election Commission,
Respondent/Appellee.

No. 80–4211.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 13, 1981.

Decided March 4, 1982.

Howard L. Gifford, pro se.

Jeffrey H. Bowman, Charles N. Steele, Washington, D. C., for respondent/appellee.

Before ANDERSON and NELSON, Circuit Judges, and FITZGERALD,* District Judge.

NELSON, Circuit Judge:

Howard Gifford, proceeding in forma pauperis, challenged the constitutionality of a section of the Federal Election Campaign Act of 1971 (FECA) that defines persons subject to regulation as federal "candidates."[1] Appellant argued that Congress had "exceeded its authority to oversee the private citizen who receives contributions with a view to being a Federal candidate."

---

* The Honorable James M. Fitzgerald, United States District Judge for the District of Alaska, sitting by designation.

1. The section of the Act of which appellant complained, provided that:

"candidate" means an individual who seeks nomination for election, or election, to Federal office, whether or not such individual is elected, and, for purposes of this paragraph, an individual shall be deemed to seek nomination for election, or election, if he has (1) taken the action necessary under the law of a State to qualify himself for nomination for election, or election, to Federal office, or (2) received contributions or made expenditures, or has given his consent for any other person to receive contributions or make expenditures, with a view to bringing about his nomination for election, or election, to such office . . . .

Federal Election Campaign Act of 1971, Pub.L. 92–225, Title III, § 301(b), 86 Stat. 11 (1972) (amended January 8, 1980) (current version at 2 U.S.C. § 431(2) (Supp. III 1979)). The statutory language that appellant seeks to have this

The district court dismissed the claim as frivolous within the meaning of 28 U.S.C. § 1915(d) (1976), which provides that "[t]he court ... may dismiss [cases filed in forma pauperis] if ... satisfied that the action is frivolous or malicious." Gifford was given leave to bring an appeal in forma pauperis.

Two issues are presented by this appeal: (1) whether the district court may dismiss a claim as frivolous within the meaning of 28 U.S.C. § 1915(d) (1976), rather than certifying that claim to the court of appeals for expedited en banc review pursuant to 2 U.S.C. § 437h (Supp. III 1979)[2]; and (2) assuming that such a dismissal is proper, whether appellant's claim was properly dismissed as frivolous? We hold that claims dismissed as frivolous pursuant to section 1915(d) need not be certified to the court of appeals for expedited en banc review and that the district court was correct in dismissing appellant's claim as legally frivolous.[3]

## I. EFFECT OF EXPEDITED REVIEW PROVISION

■ The first question presented by this appeal is whether the expedited review procedure of 2 U.S.C. § 437h (Supp. III 1979) requires the certification of questions of the Act's constitutionality for expedited en banc review, where the district court deems those questions frivolous under 28 U.S.C. § 1915(d) (1976). Section 437h provides in part that "[t]he district court immediately shall certify all questions of constitutionality of this Act to the United States court of appeals ...." 2 U.S.C. § 437h(a) (Supp. III 1979) (emphasis added). We agree with the district court's conclusion in an earlier case involving appellant, Gifford v. Congress, 452 F.Supp. 802 (E.D.Cal.1978) (Gifford I), that this apparently absolute language of section 437h was not intended to permit certification of frivolous claims.

In reaching this conclusion, the district court in Gifford I thoroughly examined the legislative history and the reported cases construing the operation of section 437h.[4] We note here that in introducing the legislation that became section 437h, its sponsor indicated that it was intended to provide expedited review of "serious" questions as to the Act's constitutionality. 120 Cong. Rec. 10562 (1974) (remarks of Sen. Buckley), reprinted in Federal Elections Commission, Legislative History of Federal Election Campaign Act Amendments of 1974, at 499 (1977) [hereinafter cited as 1974 Legislative History]. Moreover, the Conference Committee limited the reach of the section by reducing its scope from actions brought to

court declare invalid was amended effective January 8, 1980, prior to the filing of this action on March 19, 1980. The present action does not appear moot, however, because it is subject to the same alleged constitutional infirmity, i.e., Congress has exceeded its power to regulate federal elections. In any event we assume that, had the district court not dismissed appellant's claim as frivolous, it would have granted leave to amend the complaint to challenge the constitutionality of the section as then in force.

2. Section 437h provides in relevant part:

(a) The Commission, the national committee of any political party, or any individual eligible to vote in any election for the office of President may institute such actions in the appropriate district court of the United States, including actions for declaratory judgment, as may be appropriate to construe the constitutionality of any provision of this Act. The district court immediately shall certify all questions of constitutionality of this Act to the United States court of appeals for the circuit involved, which shall hear the matter sitting en banc.

2 U.S.C. § 437h(a) (Supp. III 1979).

3. In light of our disposition of this case, appellant's petition for mandamus is denied as moot.

4. In addition, the Gifford I court noted that the absence of an initial district court screening of in forma pauperis attacks under section 437h would subject the expedited review procedure to clear abuse by litigants. Id. at 810. Additional support for this position may be found in California Medical Ass'n v. Federal Election Comm'n, 641 F.2d 619, 632, 639 (9th Cir. 1980) (en banc), aff'd, 453 U.S. 182, 101 S.Ct. 2712, 69 L.Ed.2d 567 (1981); Federal Election Comm'n v. Lance, 635 F.2d 1132, 1137 (5th Cir.) (en banc), cert. denied and appeal dismissed, 453 U.S. 917, 101 S.Ct. 3151, 69 L.Ed.2d 999 (1981); see Leventhal, Courts and Political Thickets, 77 Colum.L.Rev. 345, 384–87 (1977). But see California Medical Ass'n v. Federal Election Comm'n, 453 U.S. 182, 192–93 nn.13 & 14, 101 S.Ct. 2712, 2720 nn. 13 & 14, 69 L.Ed.2d 567, 577–79 nn.13 & 14 (1981).

implement or to construe the provisions of the Act, to actions brought "to *construe* the *constitutionality* of the Act." Conference Report on Federal Election Campaign Act Amendments of 1974, H.R.Rep.No. 1438, 93d Cong., 2d Sess. 96 (1974), *reprinted in* 1974 Legislative History at 1040. Thus, we agree with the court in *Gifford I* that the legislative history provides a strong argument that Congress intended to exclude constitutional claims of dubious merit from the reach of the statute.

Following its examination of the legislative history of section 437h, the *Gifford I* court reviewed judicial constructions of the reach of the section; the court determined that the cases provide additional support for the position that section 437h was not

intended to require certification of frivolous claims.[5] *Id.* at 807–10. Here, too, we agree with the court in *Gifford I* and we note that this position is strengthened substantially by the Supreme Court's decision last Term in *California Medical Association v. Federal Election Commission,* 453 U.S. 182, 101 S.Ct. 2712, 69 L.Ed.2d 567 (1981). The Court there stated that "[W]e do not construe § 437h to require certification of constitutional claims that are frivolous." *Id.* at 193 n.14, 101 S.Ct. at 2720 n.14, 69 L.Ed.2d at 578 n.14 (dictum) (citing *Gifford I*).[6]

We therefore hold that 2 U.S.C. § 437h (Supp. III 1979) does not require certification for expedited review of claims dismissed as frivolous under 28 U.S.C. § 1915(d) (1976).

**5.** After the decision in *Gifford I*, other courts have continued to grapple with section 437h, but their decisions provide us with little additional assistance. In what is perhaps the most helpful of these cases, *Mott v. Federal Election Comm'n,* 494 F.Supp. 131 (D.D.C.1980), the court held that, despite the mandatory phrasing of section 437h, district courts need not certify automatically every constitutional question raised. *Id.* at 133. The *Mott* court noted that other courts had held that neither unripe nor frivolous constitutional questions need be certified. *Id.* at 134 (citing *Martin Tractor Co. v. Federal Election Comm'n,* 627 F.2d 375 (D.C. Cir.), *cert. denied,* 449 U.S. 954, 101 S.Ct. 360, 66 L.Ed.2d 218 (1980) (unripe questions); *Gifford v. Congress,* 452 F.Supp. 802 (E.D.Cal. 1978) (frivolous questions)). It then dismissed the complaint as unripe as to one plaintiff and as not "substantial" as to another plaintiff, because the latter's claims had been decided previously by the Supreme Court. *Id.* at 135–37.

The principal court of appeals opinions announced after *Gifford I* was decided are less helpful. *E.g., California Medical Ass'n v. Federal Election Comm'n,* 641 F.2d 619, 631–32 (9th Cir. 1980) (en banc), *aff'd,* 453 U.S. 182, 101 S.Ct. 2712, 69 L.Ed.2d 567 (1981) (hearing a challenge to the constitutionality of FECA limits on contributions to a political action committee under Fed.R.App.P. 35, rather than under section 437h of FECA, because delicate questions including the extent to which the breadth of the statutory phrase "all questions of constitutionality" may trench upon a court's independence in the manner and scope of its decisionmaking are to be decided only when necessary); *Bread Political Action Comm. v. Federal Election Comm'n,* 635 F.2d 621, 626 n.6 (7th Cir. 1980) (en banc), *juris. postponed,* 453 U.S. 921, 101 S.Ct. 3157, 69 L.Ed.2d 1004

(1981) (unnecessary to decide whether section 437h requires certification of all constitutional questions regardless of substantiality because, in contrast to *Mott,* questions presented were "substantial"); *Martin Tractor Co. v. Federal Election Comm'n,* 627 F.2d 375, 378, 392 (D.C. Cir.), *cert. denied,* 449 U.S. 954, 101 S.Ct. 360, 66 L.Ed.2d 218 (1980) (dismissing complaint on ripeness grounds and therefore not reaching the issue of the scope or applicability of section 437h).

**6.** It is not entirely clear whether this statement by the Supreme Court refers solely to claims classified as "frivolous" within the meaning of 28 U.S.C. § 1915(d). While *Gifford I* clearly deals with dismissals of in forma pauperis complaints as frivolous, the Supreme Court's footnote follows with a *Cf.* signal and a citation to *California Water Service Co. v. City of Redding,* 304 U.S. 252, 254–55, 58 S.Ct. 865, 866–67, 82 L.Ed. 1323, 1325 (1938) (per curiam). Although there is no explanatory parenthetical to aid us in drawing the suggested comparison, *California Water Service* deals with dismissals of claims where no substantial federal question is presented, either because the claim is "obviously without merit or because its unsoundness so clearly results from the previous decisions of [the Supreme Court] as to foreclose the subject." *Id.* at 255, 58 S.Ct. at 867, 82 L.Ed. at 1325. This footnote in *California Medical Ass'n* thus suggests that the Supreme Court considers dismissals as frivolous pursuant to 28 U.S.C. § 1915(d) to be analogous to, but not identical with, dismissals for lack of a substantial federal question.

Further evidence that the Court feels that "insubstantial" questions need not be certified may be found in footnote 13 of the Court's opinion in *California Medical Ass'n*; the Court

## II.  DISMISSAL AS FRIVOLOUS

District court dismissals of claims as legally frivolous pursuant to 28 U.S.C. § 1915(d) (1976) are reviewed under the abuse of discretion standard. *Torres v. Garcia*, 444 F.2d 537 (9th Cir. 1971) (per curiam); *Williams v. Field*, 394 F.2d 329, 332 (9th Cir.), *cert. denied*, 393 U.S. 891, 89 S.Ct. 213, 21 L.Ed.2d 171 (1968). In the case before us, the district court relied upon the reasoning of *Gifford I*, 452 F.Supp. at 803–06, in dismissing appellant's present claim as frivolous. We agree that this reasoning supports the determination of the court below.[7] The dismissal of this action was not an abuse of discretion.

AFFIRMED.

---

said there that "the Federal Election Campaign Act is not an unlimited fountain of constitutional questions, and it is thus reasonable to assume that resort to § 437h will decrease in the future." 453 U.S. at 192 n.13, 101 S.Ct. at 2720 n.13, 69 L.Ed.2d at 578 n.13. This implies that district courts have the ability to dismiss insubstantial challenges to the constitutionality of FECA, *i.e.*, where the issues have already been decided by the Supreme Court.

**7.** The law of this circuit with respect to the definition of "frivolous" for purposes of section 1915(d) is unsettled. *Franklin v. Oregon*, 662 F.2d 1337, 1340 n.1 (9th Cir. 1981) (dictum). This appeal does not present the issue of what this Circuit's definition of frivolous claims pursuant to 28 U.S.C. § 1915(d) (1976) should be. We note that the district court in *Gifford I* considered definitions of "frivolous" employed in other circuits and determined that under any of these standards "and despite viewing plaintiff's proper complaint in its most favorable light," Gifford's complaint was frivolous. 452 F.Supp. at 804.