United States Court of Appeals,

Fifth Circuit.

No. 92–3846.

Jon KHACHATURIAN, Plaintiff,

v.

FEDERAL ELECTION COMMISSION, and W. Fox McKeithen, in his Official Capacity as Secretary of State for the State of Louisiana, Defendants.

Dec. 31, 1992.

On a Certified Question from the United States District Court for the Eastern District of Louisiana.

Before POLITZ, Chief Judge, KING, GARWOOD, JOLLY, HIGGINBOTHAM, DAVIS, JONES, SMITH, DUHÉ, WIENER, BARKSDALE, EMILIO M. GARZA, and DeMOSS, Circuit Judges.

BY THE COURT:

Plaintiff Jon Khachaturian, an independent candidate for U.S. Senate, contends that the Federal Election Campaign Act's $1,000 limit on campaign contributions is unconstitutional as applied to his candidacy. Khachaturian brought this action in the district court, which immediately certified it to this court in accordance with 2 U.S.C. § 437h.[1] We conclude that certification was premature.

A district court need not certify challenges to the Act that are frivolous or involve settled principles of law. *California Medical Ass'n v. Federal Election Comm'n,* 453 U.S. 182, 192 n. 14, 101 S.Ct. 2712, 2719 n. 14, 69 L.Ed.2d 567 (1981). Moreover, "as a practical matter, immediate adjudication of constitutional claims through a § 437h proceeding would be improper in cases where the resolution of such questions required a fully developed factual record." *Id.*

The district court did not make the requisite threshold inquiry in this case. As an initial matter, the district court did not determine whether this challenge is frivolous. In a § 437h case, the district court need not certify legal issues that have been resolved by the Supreme Court; "questions arising under "blessed' provisions [of the Act] understandably should meet a higher threshold" of frivolousness. *Goland v. United States,* 903 F.2d 1247, 1257 (9th Cir.1990). See also *California*

---

[1]Section 437h provides, in part, that "[t]he district court immediately shall certify all questions of constitutionality of this Act to the United States court of appeals for the circuit involved, which shall hear the matter sitting en banc."

*Medical Ass'n,* 453 U.S. at 192 n. 13, n. 14, 101 S.Ct. 2712, 2719, n. 13, n. 14.

*Buckley v. Valeo,* 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976), upheld the $1,000 contribution limit as facially constitutional. Khachaturian argues that the limit is unconstitutional as applied to his independent candidacy. However, *Buckley* considered, and rejected, claims that the contribution limit invidiously discriminates against independent and minor-party candidates as a class. 424 U.S. at 33–35, 96 S.Ct. at 641–42. To present a colorable constitutional question in this as applied challenge, Khachaturian must demonstrate that the $1,000 limit had a serious adverse effect on the initiation and scope of his candidacy. 424 U.S. at 34, 96 S.Ct. at 642.

As the Supreme Court has made clear, the district court also must develop a record and make findings of fact sufficient to allow the en banc court to decide the constitutional issues. *Bread Political Action Comm. v. Federal Election Comm'n,* 455 U.S. 577, 580, 102 S.Ct. 1235, 1237, 71 L.Ed.2d 432 (1982) ("the District Court, as required by § 437h, first made findings of fact and then certified the case ..."). In *Buckley,* the appeals court initially remanded the case to the district court with the following instructions:

1. Identify constitutional issues in the complaint.

2. Take whatever may be necessary in the form of evidence—over and above submissions that may suitably be handled through judicial notice ...

3. Make findings of fact with reference to those issues.

4. Certify to this court constitutional questions arising from [the above] ...

*Buckley v. Valeo,* 519 F.2d 817, 818 (D.C.Cir.1975); see also *Bread Political Action Comm. v. Federal Election Comm'n,* 591 F.2d 29, 36 (7th Cir.1979) (remanding with similar instructions). The district court made no such findings in this case. In fact, it certified the case to this court on an ex parte order, without giving the FEC an opportunity to respond.

We remand this case to the district court. After receiving the benefit of briefing from Khachaturian and the FEC, the district court should first determine whether Khachaturian's claim is frivolous in light of *Buckley.* The district court may find it desirable to conduct an evidentiary hearing to assist it in this inquiry. Should the court find that the case is not frivolous, it should proceed to follow the four-step course of action outlined above. If no colorable constitutional claims are

presented on the facts as found by the district court, it should dismiss the complaint.  If it concludes that colorable constitutional issues are raised from the facts, it should certify those questions to us. See *Goland,* 903 F.2d at 1257.

REMANDED.