JUDGMENT

PER CURIAM.
Upon consideration of the record from the United States District Court for the District of Columbia and on the brief filed by appellant, see Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j), and the request for transfer to the Supreme Court pursuant to 2 U.S.C. § 437h note, and the supplement thereto, it is
ORDERED that the request for transfer to the Supreme Court be denied. The special judicial review provisions under 2 U.S.C. § 437h and its accompanying note do not apply where, as here, the constitutional challenge to the Federal Election Campaign Act is frivolous. See California Medical Ass’n v. FEC, 453 U.S. 182, 192 n. 14, 101 S.Ct. 2712, 69 L.Ed.2d 567 (1981) (in the context of interpreting 2 U.S.C. § 437h, which requires the district court to certify all questions of constitutionality of the Federal Election Campaign Act to the circuit court, which shall hear the matter en banc, the Supreme Court stated “we do not construe § 437h to require certification of constitutional claims that are frivolous”); Khachaturian v. FEC, 980 F.2d 330, 331 (5th Cir.1992) (en banc) (in interpreting 2 U.S.C. § 437h, the Fifth Circuit held that “[a] district court need not certify challenges to the Act that are frivolous or involve settled principles of law”); Gifford v. Tiernan, 670 F.2d 882, 883 (9th Cir.1982) (“[Sjection 437h was not intended to permit certification of frivolous claims.”). It is
FURTHER ORDERED AND ADJUDGED that the district court’s orders filed July 28, 2008 and August 18, 2008, be affirmed. Appellant’s complaint is “frivolous” because “it lacks an arguable basis either in law or in fact.” Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). See also McConnell v. FEC, 540 U.S. 93, 186-87, 124 S.Ct. 619, 157 L.Ed.2d 491 (2003) (concluding that Title I of the Bipartisan Campaign Reform Act of 2002, which amended the Federal Election Campaign Act, did not violate the Tenth Amendment); Buckley v. Valeo, 424 U.S. 1, 35-6, 96 S.Ct. 612, *876 46 L.Ed.2d 659 (1976) (concluding that political committee registration requirements in the Federal Election Campaign Act do not violate the First Amendment). Accordingly, the district court properly dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915A, and properly denied appellant’s post-judgment motions. Contrary to appellant’s assertions, section 1915A applies regardless of whether the prisoner has paid a filing fee or is proceeding in forma pauperis. See Ruiz v. United States, 160 F.3d 273, 274 (5th Cir.1998).
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.