# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued May 16, 2013          Decided May 31, 2013

No. 12-5365

WENDY E. WAGNER, ET AL.,
APPELLANTS

v.

FEDERAL ELECTION COMMISSION,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:11-cv-01841)

*Alan B. Morrison* argued the cause for the appellants. *Arthur B. Spitzer* was on brief.

*Harry J. Summers*, Assistant General Counsel, Federal Election Commission, argued the cause for the appellee. *Anthony Herman*, General Counsel, *David B. Kolker*, Associate General Counsel, *Kevin Deeley*, Acting Associate General Counsel, and *Holly J. Baker* and *Seth E. Nesin*, Attorneys, were on brief.

*J. Gerald Hebert*, *Scott Nelson*, *Fred Wertheimer* and *Donald J. Simon* were on brief for *amici curiae* Campaign Legal Center, et al. in support of the appellee.

Before: HENDERSON and GRIFFITH, *Circuit Judges*, and GINSBURG, *Senior Circuit Judge*.

Opinion for the Court filed PER CURIAM.

PER CURIAM: The Federal Election Campaign Act (FECA) prohibits any "person" contracting with the federal government from contributing to "any political party, committee, or candidate for public office or to any person for any political purpose or use" in a federal election. 2 U.S.C. § 441c(a)(1). Three federal contractors seek a declaration that section 441c abridges their freedom of speech guaranteed by the First Amendment to the United States Constitution and denies them the equal protection of the laws in violation of the Fifth Amendment. Concluding that FECA's judicial review provision, 2 U.S.C. § 437h, ousts both the district court and this panel of jurisdiction to consider the merits of the claims, we *sua sponte* vacate and remand to the district court to comply immediately with the procedures set forth in section 437h.

I

Appellants Wendy Wagner, Lawrence Brown and Jan Miller (collectively Appellants) hold consulting contracts with various agencies of the executive branch of the federal government and want to make political contributions for use in federal elections. In October 2011, Appellants sued the Federal Election Commission (FEC) seeking a declaration that section 441c violated both the First and the Fifth Amendments to the U.S. Constitution. They invoked the district court's jurisdiction under FECA's judicial review provision, 2 U.S.C. § 437h, as well as its federal question jurisdiction, 28 U.S.C. § 1331.

Under section 437h, a district court should perform three functions. First, it must develop a record for appellate review by making findings of fact. *See Bread Political Action Comm. v. FEC*, 455 U.S. 577, 580 (1982) (*Bread PAC*); *Buckley v. Valeo*, 519 F.2d 817, 818–19 (D.C. Cir. 1975) (en banc) (per curiam). Second, the district court must determine whether the constitutional challenges are frivolous or involve settled legal questions. *See Cal. Med. Ass'n v. FEC*, 453 U.S. 182, 192 n.14 (1981) (*CalMed*); *Khachaturian v. FEC*, 980 F.2d 330, 331 (5th Cir. 1992) (en banc) (per curiam); *Goland v. United States*, 903 F.2d 1247, 1257 (9th Cir. 1990). Finally, the district court must immediately certify the record and all non-frivolous constitutional questions to the *en banc* court of appeals. *See CalMed*, 453 U.S. at 192 n.14; *see also Mariani v. United States*, 212 F.3d 761, 769 (3d Cir. 2000) (en banc).

Shortly after filing their complaint, Appellants moved the district court to first find certain facts and then to certify the case to the *en banc* court of appeals. The FEC opposed the motion on the ground that certification was premature. Apparently solely for the purpose of avoiding the certification requirement of section 437h, Appellants subsequently amended their complaint to invoke only the district court's federal question jurisdiction and also moved for a preliminary injunction.

The district court denied Appellants' preliminary injunction motion, concluding that they were unlikely to succeed on the merits of their constitutional claims. *Wagner v. FEC*, 854 F. Supp. 2d 83, 87 (D.D.C. 2012) (*Wagner I*). After additional discovery, the court granted summary judgment to the FEC. *Wagner v. FEC*, 901 F. Supp. 2d 101, 2012 WL 5378224 (D.D.C. Nov. 2, 2012) (*Wagner II*). Before addressing the merits, the district court noted:

At first, Plaintiffs filed suit under 2 U.S.C. § 437h, which requires a district court to certify constitutional questions about FECA to its *en banc* appellate court. Plaintiffs changed their minds, however, and amended their complaint to follow the standard path of federal litigation. They are permitted to do so, and this Court has jurisdiction under 28 U.S.C. § 1331. *See Bread PAC*[, 455 U.S. at 585] ("plaintiffs meeting the usual standing requirements can challenge provisions of [FECA] under the federal-question jurisdiction granted the federal courts by 28 U.S.C. § 1331").

*Id.* at *2 (citation omitted).

On appeal, Appellants asserted—and the FEC did not contest—that this panel has jurisdiction under 28 U.S.C. § 1291 to hear their constitutional challenges. Noting the potential jurisdictional infirmity, however, we ordered the parties to submit supplemental briefs addressing whether section 437h vests exclusive jurisdiction over Appellants' constitutional claims in the *en banc* court of appeals. Both parties argue in their supplemental briefs that section 437h does not confer exclusive jurisdiction on the *en banc* court of appeals, asserting instead that Appellants can elect to bring suit under either section 437h or section 1331. We must nonetheless assure ourselves of both the district court's and our own jurisdiction whether or not the parties challenge it. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *LoBue v. Christopher*, 82 F.3d 1081, 1082 (D.C. Cir. 1996). The question we must decide, then, is whether section 437h gives exclusive jurisdiction to the *en banc* court to decide Appellants' constitutional claims.[1]

---

[1] "[T]wo things are necessary to create jurisdiction, whether original or appellate," in the lower courts: "The Constitution must

5

II

A

In construing section 437h, "[w]e begin, as always, with the text of the statute." *Permanent Mission of India to the United Nations v. City of New York*, 551 U.S. 193, 197 (2007); *see also Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999). Section 437h provides:

> The Commission, the national committee of any political party, or any individual eligible to vote in any election for the office of President may institute such actions in the appropriate district court of the United States, including actions for declaratory judgment, as may be appropriate to construe the constitutionality of any provision of this Act. The district court immediately shall certify all questions of constitutionality of this Act to the United States court of appeals for the circuit involved, which shall hear the matter sitting en banc.

have given to the court the capacity to take it, and an act of Congress must have supplied it." *Mayor & Alderman of City of Nashville v. Cooper*, 73 U.S. (6 Wall.) 247, 252 (1867). Our constitutional jurisdiction is clear. Because Appellants declare that they would make political contributions but for section 441c, they have Article III standing. Section 441c allegedly deprives them of a legally protected interest (making a political contribution) that an order of this court declaring section 441c unenforceable would remedy. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). And because they remain under contract with the federal government, Appellants retain a "legally cognizable interest" in seeing section 441c invalidated and the controversy remains live. *See Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013) (quotation marks omitted). Accordingly, we address only our statutory authority to hear the merits of this case.

2 U.S.C. § 437h. As originally enacted, section 437h contained two additional provisions. Subsection (b) provided for direct appeal to the Supreme Court. Federal Election Campaign Act Amendments of 1974, Pub. L. No. 93-443, § 208(a), 88 Stat. 1263, 1285–86 (codified at 2 U.S.C. § 437h(b) (1976)). Subsection (c) required both the courts of appeals and the Supreme Court "to advance on the docket and to expedite to the greatest possible extent" any matter certified under section 437h. *Id.* (codified at 2 U.S.C. § 437h(c) (1976)). The Congress repealed subsection 437h(c) in 1984, Pub. L. No. 98-620, § 402(1)(B), 98 Stat. 3335, 3357 (1984), and subsection 437h(b) in 1988, Pub. L. No. 100-352, § 6(a), 102 Stat. 662, 663 (1988).

1

FECA provides "two routes" by which a party may obtain judicial review of the constitutionality of FECA. *CalMed*, 453 U.S. at 188. In addition to section 437h, a party may also mount a constitutional defense to an FEC enforcement action brought under 2 U.S.C.§ 437g. *Id.* While the section 437g route is available to any party subject to an FEC enforcement proceeding, only the parties specifically enumerated in section 437h—the FEC, the national committees of political parties and individual voters—may invoke its "extraordinary procedures." *Bread PAC*, 455 U.S. at 585. Those plaintiffs not enumerated in section 437h "are remitted to the usual remedies" outside FECA, including the federal question jurisdiction supplied by section 1331. *Id.* at 584. The unanswered question is whether the enumerated parties may also avail themselves of the "usual remedies."

The district court concluded that they may but its rationale was flawed. The court premised its jurisdiction solely on the Supreme Court's dictum in *Bread PAC*: " '[P]laintiffs meeting the usual standing requirements can

challenge provisions of [FECA] under the federal-question jurisdiction granted the federal courts by 28 U.S.C. § 1331.' " *Wagner II*, 2012 WL 5378224, at \*2 (quoting *Bread PAC*, 455 U.S. at 585). A reading of the paragraph from which the language is drawn reveals that this dictum is inapposite here. The Supreme Court in *Bread PAC* stated that plaintiffs not enumerated in section 437h, and therefore ineligible to invoke its procedures, may challenge the constitutionality of FECA under section 1331 only.[2] It said nothing, however, about the availability of section 1331 jurisdiction to the parties enumerated in section 437h.

The only other inferior tribunal to have addressed the question has answered it in the negative. In *FEC v. Lance*, 617 F.2d 365, 367–68 (5th Cir. 1980) (*Lance I*), Bert Lance, the target of an FEC investigation, fought an administrative subpoena by arguing, *inter alia*, that a provision of FECA violated the First Amendment. *Id.* at 368. On appeal, a panel of the Fifth Circuit rejected all of Lance's non-constitutional arguments but held that both the district court and the panel itself lacked jurisdiction to hear the constitutional challenge. *Id.* at 374. It reasoned that "Congress's obvious intent in enacting [section 437h] was to deprive district courts and panels of the circuit courts of appeals of jurisdiction to consider the constitutionality of the FECA" and referred the question to the *en banc* court of appeals.[3] *Id.*

---

[2] As noted, any party may *defend* on constitutional grounds under section 437g.

[3] The parties argue that *Lance I* is no longer good law because the *en banc* Fifth Circuit rejected the panel's jurisdictional holding in *FEC v. Lance*, 635 F.2d 1132 (5th Cir. 1981) (en banc) (*Lance II*). But the parties misconstrue *Lance II*. In that case, the *en banc* Fifth Circuit described questions regarding the scope of section 437h as " 'delicate' " and ones " 'to be decided only when

2

Construing the statute ourselves, we believe that the plain text of section 437h grants exclusive merits jurisdiction to the *en banc* court of appeals. "If . . . there exists a special statutory review procedure, it is ordinarily supposed that Congress intended that procedure to be *the exclusive means* of obtaining judicial review in those cases to which it applies." *City of Rochester v. Bond*, 603 F.2d 927, 931 (D.C. Cir. 1979) (emphasis added) (footnote omitted); *see also Sun Enters., Ltd. v. Train*, 532 F.2d 280, 287 (2d Cir. 1976) (Lumbard, J.) ("[T]here is a strong presumption against the availability of simultaneous review in both the district court and court of appeals."). Section 437h is indeed a "special statutory review procedure." We therefore presume that the Congress intended to deprive both the district court and panels of the court of appeals of authority to hear the merits of constitutional challenges to the provisions of FECA.

The parties nevertheless argue that one word in the text demonstrates that the statute is an optional route to judicial review of FECA. Their argument is simple: section 437h provides that certain parties "*may* institute . . . actions in the appropriate district court of the United States"; the word "may" typically denotes discretion; therefore, the parties enumerated in section 437h may elect between section 437h and section 1331 to challenge the constitutionality of FECA's provisions. But the discretion conferred by the word "may" is the discretion to "institute . . . actions." Were the Congress to

necessary.' " *Id.* at 1137 (quoting *Cal. Med. Ass'n v. FEC*, 641 F.2d 619, 632 (9th Cir. 1980) (en banc), *aff'd*, *CalMed*, 453 U.S. 182). Because the *Lance II* court had authority to consider the case *en banc* under Federal Rule of Appellate Procedure 35 irrespective of section 437h, it declined to address the jurisdictional issue and left the panel's interpretation of section 437h undisturbed. *Id.*

replace the word "may" with "shall," the statute would read as though a potential plaintiff bore a ministerial obligation to bring suit. Whatever discretion is provided by "may," it is not the discretion to use section 437h *vel non*.

More importantly, the parties' interpretation disregards both how the Congress writes jurisdictional statutes and how the courts interpret them. Appellants suggest that alternative language would more clearly express the Congress's intent to make section 437h exclusive as to the enumerated parties, including simply using the word "exclusive." But there are many ways to skin a cat and we must decide whether the Congress has done so with this language. Appellants are correct that the Congress sometimes includes the word "exclusive" to make clear that a particular statute confers exclusive jurisdiction.[4] But the Congress also deploys "may" as a verbal auxiliary in many statutes the courts have interpreted to confer exclusive jurisdiction.[5] Section 437h

---

[4] *See, e.g.*, 15 U.S.C. § 717r(d)(2) (section 19(d(2) of Natural Gas Act provides "[t]he United States Court of Appeals for the District of Columbia shall have original and exclusive jurisdiction over any civil action" seeking review of denial of permit); 26 U.S.C. § 7482(a)(1) (Internal Revenue Code provides that courts of appeals "shall have exclusive jurisdiction to review the decisions of the Tax Court"); 28 U.S.C. § 2342 (Hobbs Act provides that "[t]he court of appeals . . . has exclusive jurisdiction" to review enumerated agency actions); 42 U.S.C. § 7607 (section 307(b)(1) of Clean Air Act provides that petition for review of certain actions of EPA Administrator "may be filed only in the United States Court of Appeals for the District of Columbia").

[5] *See, e.g.*, *John Doe, Inc. v. DEA*, 484 F.3d 561, 568 (D.C. Cir. 2007) (interpreting judicial review provision of the Controlled Substances Act, which provides that "any person aggrieved . . . may obtain review of the [Attorney General's] decision in the" courts of appeals, 21 U.S.C. § 877, to confer exclusive jurisdiction on those

comports with this established linguistic norm by which the Congress confers exclusive jurisdiction on specific courts. *See Holland v. Williams Mountain Coal Co.*, 256 F.3d 819, 824 (D.C. Cir. 2001) ("[S]tatutory interpretation proceeds on the assumption that Congress's choice of words reflects a familiarity with judicial treatment of comparable language . . . ."); *see also Bragdon v. Abbott*, 524 U.S. 624, 645 (1998) ("When . . . judicial interpretations have settled the meaning

---

courts); *Battle v. FAA*, 393 F.3d 1330, 1334–35 (D.C. Cir. 2005) (interpreting judicial review provision of Federal Aviation Act, which provides that "a person disclosing a substantial interest in an order [issued under the Act] . . . may apply for review of the order" in the courts of appeals, 49 U.S.C. § 46110(a), to confer exclusive jurisdiction on courts of appeals); *Am. Fed'n of Gov't Emps. v. Loy*, 367 F.3d 932, 936 (D.C. Cir. 2004) (interpreting judicial review provision of the Civil Service Reform Act, which provides that "person aggrieved by any final order of the [agency] . . . may . . . institute an action for judicial review" in courts of appeals, 5 U.S.C. § 7123(a), to confer exclusive jurisdiction on courts of appeals); *AT&T Corp. v. FCC*, 220 F.3d 607, 615 (D.C. Cir. 2000) (interpreting judicial review provision of Federal Communications Act, which provides, for certain agency actions, "[a]ppeals may be taken" to this court, 47 U.S.C. § 402(b), to confer exclusive jurisdiction to review those actions on this court); *Johnson v. U.S. R.R. Ret. Bd.*, 969 F.2d 1082, 1085–86 (D.C. Cir. 1992) (interpreting judicial review provision of Railroad Retirement Act of 1974, which provides that any party aggrieved by final decision of Railway Retirement Board "may . . . obtain a review" in courts of appeals, 45 U.S.C. § 355(f), to confer jurisdiction to review exclusively on courts of appeals); *Indep. Broker-Dealers' Trade Ass'n v. SEC*, 442 F.2d 132, 142 (D.C. Cir. 1971) (interpreting judicial review provision of the Securities Exchange Act, which provides that "person aggrieved by a final order of the [Securities Exchange Commission] . . . may obtain judicial review of the order" in courts of appeals, 15 U.S.C. § 78y(a)(1), to confer exclusive jurisdiction on those courts).

of an existing statutory provision, repetition of the same language in new statutes indicates, as a general matter, the intent to incorporate its . . . judicial interpretations as well."). Accordingly, we are convinced that the language of section 437h manifests the Congress's intent to confer exclusive original jurisdiction of Appellants' constitutional claims on the *en banc* court of appeals.

The legislative purpose underlying section 437h confirms our interpretation of the statute. *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 608 (1979) ("As in all cases of statutory construction, our task is to interpret the words of . . . statutes in light of the purposes Congress sought to serve."). The Congress is understood to have enacted section 437h to further the public's interest in having questions of FECA's constitutionality speedily resolved.[6] *See Bread PAC*, 455 U.S. at 583 (it is "obvious fact that Congress wanted a broad class of questions to be speedily resolved"); *CalMed*, 453 U.S. at 188 (Congress enacted section 437h as "method for obtaining expedited review of constitutional challenges to the [FECA]."); *Bread Political Action Comm. v. FEC*, 591 F.2d 29, 31 (7th Cir. 1979) (noting "apparent Congressional intent to provide expedited review to attack 'any provision' of" FECA); *Buckley*, 519 F.2d at 819 (noting "intention of Congress for expedition in appellate disposition"); *Buckley v. Valeo*, 387 F. Supp. 135, 138 (D.D.C. 1975) ("The very essence of [section 437h] . . . is speedy judicial review."). The legislative history confirms

---

[6] Appellants are correct that interpreting section 437h to be exclusive does not centralize review in a single court with a particular expertise. This observation is of no moment, however, because expertise was not the Congress's objective when it enacted section 437h. Its objective was, and is, speed.

this understanding. Senator James Buckley,[7] the author and Senate sponsor of the amendment which became section 437h, informed his colleagues on the Senate floor that it

> merely provides for the expeditious review of the constitutional questions I have raised. I am sure we will agree that if, in fact, there is a serious question as to the constitutionality of this legislation, it is *in the interest of everyone* to have the question determined by the Supreme Court at the earliest possible time.

120 CONG. REC. 10,562 (Apr. 10, 1974) (statement of Sen. James Buckley) (emphasis added). Similarly, the amendment's House sponsor stated that section 437h provided a "direct method" for "any individual" to "raise [constitutional] questions and to have those considered as quickly as possible by the Supreme Court." *Id.* at 35,140 (Oct. 10, 1975) (statement of Rep. William Frenzel).

This interest remains salient today. Challenges to FECA have predictably declined since its enactment. *See CalMed*, 453 U.S. at 192 n.13 ("[T]he Federal Election Campaign Act is not an unlimited fountain of constitutional questions, and it is thus reasonable to assume that resort to § 437h will decrease in the future."). But federal elections are repeat events, as they were when section 437h was enacted. With elections come political campaigns and political campaigns lie "at the heart of American constitutional democracy." *Brown v. Hartlage*, 456 U.S. 45, 53 (1982). FECA, and its many amendments, comprehensively regulate those campaigns. *See Buckley v. Valeo*, 424 U.S. 1, 7 (1976) (per curiam). A constitutional challenge to FECA's provisions clouds the rights and obligations of all Americans in the area

---

[7] Senator Buckley later served as a distinguished member of this Court from 1985 until his retirement in 2000.

of utmost constitutional protection. *See Eu v. San Francisco Cnty. Democratic Cent. Comm.*, 489 U.S. 214, 223 (1989) ("Indeed, the First Amendment 'has its fullest and most urgent application' to speech uttered during a campaign for political office." (quoting *Monitor Patriot Co. v. Roy*, 401 U.S. 265, 272 (1971))). The uncertainty was precisely what the Congress sought to remove by commanding expedited resolution of challenges to FECA.

Nor have amendments to section 437h altered the Congress's purpose. The repeal of subsections (b) and (c) may have altered how the Congress has addressed the public's interest in quick resolution. But those repeals changed only section 437h's volume, not its tune. Section 437h continues to pretermit review by district courts and panels of courts of appeals and that pretermission undoubtedly serves the Congress's goal of expedition. *See Harrison v. PPG Indus., Inc.*, 446 U.S. 578, 593 (1980) ("The most obvious advantage of direct review by a court of appeals is the time saved compared to review by a district court, followed by a second review on appeal.").

Because the purpose underlying section 437h is the vindication of the public's interest in the expeditious resolution of constitutional challenges to FECA, we reject the parties' interpretation of the statute. Their reading threatens to make that interest illusory by leaving its effectuation entirely up to individual plaintiffs' litigation strategies. *See N.Y. Dep't of Soc. Servs. v. Dublino*, 413 U.S. 405, 419–20 (1973) (Courts "cannot interpret federal statutes to negate their own stated purposes."); *Motor Vehicles Mfrs. Ass'n of U.S., Inc. v. Ruckelshaus*, 719 F.2d 1159, 1165 (D.C. Cir. 1983) ("A statute should ordinarily be read to effectuate its purposes rather than to frustrate them."); *United States v. Pub. Utils. Comm'n of D.C.*, 151 F.2d 609, 613 (D.C. Cir. 1945) ("[A]n interpretation should be chosen as will effect [the

statute']s purpose, rather than one which defeats it . . . ."). Legislative purpose therefore confirms the mandate of the statutory text: section 437h vests exclusive jurisdiction in the *en banc* courts of appeals to resolve constitutional challenges brought by the three parties enumerated in that section.

Our interpretation is further bolstered by the Supreme Court's own language. In *McConnell v. FEC*, 540 U.S. 93 (2003), *overruled on other grounds by Citizens United v. FEC*, 558 U.S. 3010 (2010), the Supreme Court considered a challenge to the 2002 overhaul of FECA effected by the Bipartisan Campaign Reform Act of 2002 (BCRA), Pub. L. No. 107–155, 116 Stat. 81. BCRA required the convening of a three-judge district court to hear constitutional challenges to its provisions. BCRA § 403(a), 116 Stat. at 113–14 (codified at 2 U.S.C. § 437h note). Two of the plaintiffs challenged a provision of FECA unaffected by BCRA. The Supreme Court noted:

> This Court has no power to adjudicate a challenge to the FECA limits in this litigation because challenges to the constitutionality of FECA provisions are subject to direct review before an appropriate en banc court of appeals, as provided in 2 U.S.C. § 437h, not in the three-judge District Court convened pursuant to BCRA § 403(a).

*McConnell*, 540 U.S. at 229. In other words, plaintiffs challenging provisions of FECA must bring those challenges under section 437h. And even dictum is accorded substantial weight. *See Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 399 (1821) (Marshall, C.J.); *United States v. Dorcely*, 454 F.3d 366, 375 (D.C. Cir. 2006) ("[C]arefully considered language of the Supreme Court, even if technically dictum, generally must be treated as authoritative." (quotation marks omitted)). Although *McConnell* does not settle the question, it confirms

the conclusion we independently reach: section 437h is a grant of exclusive jurisdiction to the *en banc* court of appeals.

B

Convinced that the statutory text, read in light of its purpose, manifests that Appellants must comply with section 437h's expedited review procedures, we quickly dispense with the parties' remaining arguments. First, the parties contend that the Congress's decision not to permit all potential plaintiffs to use section 437h's procedures suggests that section 437h is not exclusive. But the specific enumeration in section 437h is simply a form of "statutory standing." *Int'l Ass'n of Machinists & Aerospace Workers v. FEC*, 678 F.2d 1093, 1098 (D.C. Cir. 1982) (per curiam) (en banc). Statutory standing requirements—particularly that the party seeking judicial review be "aggrieved" by the challenged agency action—are commonplace in statutes conferring exclusive jurisdiction on a particular court. *See, e.g.*, *Boston & Me. Corp. v. Surface Transp. Bd.*, 364 F.3d 318, 320 (D.C. Cir. 2004) (exclusive judicial review provision of Hobbs Act, 28 U.S.C. §§ 2342, 2344); *Grand Council of Crees (of Quebec) v. FERC*, 198 F.3d 950, 954–55, 959–60 (D.C. Cir. 2000) (exclusive judicial review provision of Federal Power Act, 16 U.S.C. § 825*l*(a)); *see also* cases cited *supra* note 5. The only distinction between section 437h's statutory standing requirement and the more traditional "party aggrieved" language is that the latter requires the judiciary to flesh out which parties have statutory standing whereas, in the former, the Congress has made that determination. Just as the "party aggrieved" language does not make an otherwise exclusive jurisdiction-conferring statute elective, we will not interpret section 437h's specific enumeration of parties with statutory standing to make that provision optional.

Second, the parties argue that the section 437h procedure is ill-suited to its task because it results in a less-focused record than ordinary litigation and is burdensome to both the *en banc* court and to litigants. They claim that the Congress could not have intended to make such an onerous procedure mandatory. But an argument based on section 437h's burdens is an argument against its enactment, not against interpreting it as a grant of exclusive jurisdiction. The parties may be correct that section 437h's procedure might not achieve the Congress's desired end. *See CalMed*, 453 U.S. at 208 (Stewart, J., dissenting) (section 437h procedure "places uncommonly heavy burdens on the federal court system" and may prove "cumbersome"); *Lance II*, 635 F.2d at 1137 ("[I]f mandatory *en banc* hearings were multiplied, the effect on the calendars of this court as to such matters and as to all other business might be severe and disruptive." (quotation marks omitted)); *see also* Harold Leventhal, *Courts and Political Thickets*, 77 COLUM. L. REV. 345, 384–87 (1977). But these arguments are unavailing because "this court simply is not at liberty to displace, or to improve upon, the jurisdictional choices of Congress." *Five Flags Pipe Line Co. v. Dep't of Transp.*, 854 F.2d 1438, 1441 (D.C. Cir. 1988). They belong in a legislative hearing room, not a brief.

Finally, the FEC cites several cases decided by district courts and panels of the courts of appeals which it contends show that courts "have implicitly rejected [our interpretation of section 437h] by considering challenges to FECA outside the 437h context." FEC Supp. Br. 8. All but one of these cases, however, arose in the section 437g context. The district courts and panels of the courts of appeals of course have jurisdiction to consider constitutional questions raised as defenses to section 437g actions. *See Bread PAC*, 455 U.S. at 584–85; *CalMed*, 453 U.S. at 187. But jurisdiction to consider a constitutional *defense* does not include jurisdiction

to hear a constitutional *challenge* brought by a party enumerated in section 437h.  And the lone case the FEC cites that was not a section 437g proceeding is plainly distinguishable.  In *FEC v. Beaumont*, 539 U.S. 146, 149–50 (2003), a corporation, its officers and a single eligible voter sought a declaration that FECA's prohibition on corporate contributions violated the First Amendment.  While not all of the plaintiffs were eligible to invoke section 437h, at least the individual voter was.  But the Supreme Court never addressed jurisdiction and we can thus infer nothing therefrom regarding the jurisdictional issue. *See Lewis v. Casey*, 518 U.S. 343, 352 n.2 (1996) ("[W]e have repeatedly held that the existence of unaddressed jurisdictional defects has no precedential effect."); *In re Navy Chaplaincy*, 534 F.3d 756, 764 (D.C. Cir. 2008) ("It is a well-established rule that cases in which jurisdiction is assumed *sub silentio* are not binding authority for the proposition that jurisdiction exists." (quotation marks omitted)).[8]    After all, "sometimes even excellent Homer nods." *Consol. Rail Corp. v. United States*, 896 F.2d 574, 579 (D.C. Cir. 1990) (quotation marks omitted).

The text of section 437h, read in the context of its underlying legislative purpose, makes clear that the parties therein enumerated may bring actions challenging FECA's

---

[8] The FEC notes that section 437h "has resulted in only about a dozen *en banc* decisions in the almost 40 years since the law was passed." FEC Supp. Br. 9; *see also id.* n.4 (citing thirteen decisions).  Unclear to us is what the FEC intends to prove with this information.  As discussed *supra*, the FEC cites only *Beaumont* for the proposition that one party eligible to invoke section 437h obtained judicial review by invoking section 1331.  And we accord *Beaumont* no weight on the jurisdictional question because the Supreme Court did not consider it.  To the extent, if any, the thirteen cases provide guidance, they confirm our interpretation in light of the scarcity of section 1331 challenges to FECA.

constitutionality only under that section. Neither Appellants nor the FEC provide any reason for us to disregard section 437h's text and purpose. We therefore conclude that both the district court and this panel lack jurisdiction to decide the constitutional questions pressed by Appellants.

## III

We recognize that by remanding for the district court to comply with the expedited review provision, we risk further prolonging this litigation. But even if we believed that the American citizenry's interest in expedient resolution of constitutional challenges to FECA were best served by addressing the merits, we are without authority to do so. Inferior federal courts have only the jurisdiction the Congress confers upon them. *Bath County v. Amy*, 80 U.S. (13 Wall.) 244, 247–48 (1871); *Sierra Club v. Thomas*, 828 F.2d 783, 792 (D.C. Cir. 1987). The Congress decided that challenges to FECA's constitutionality belong in the *en banc* courts of appeals to the exclusion of all other tribunals. Although we may review the district court's error in failing to certify the constitutional questions to the *en banc* court, *see Judd v. FEC*, 304 Fed. App'x 874, 875 (D.C. Cir. 2008); *Goland*, 903 F.2d at 1252, 1256–58; *Gifford v. Tiernan*, 670 F.2d 882, 883–85 (9th Cir. 1982), the merits of Appellants' constitutional challenges are beyond our reach. We therefore must vacate the district court's judgment and remand the case. *In re Lorazepam & Clorazepate Antitrust Litig.*, 631 F.3d 537, 542 (D.C. Cir. 2011) ("Ordinarily a finding that the district court lacked jurisdiction . . . lead[s] us to vacate the court's judgment and remand . . . .").[9]

---

[9] Because Appellants appeal only the denial of summary judgment, the district court's denial of preliminary injunctive relief is not before us. We therefore do not decide whether section 437h

For the foregoing reasons, it is **ORDERED** *sua sponte* that the judgment of the district court be vacated and the case remanded to the district court to make appropriate findings of fact, as necessary, and to certify those facts and the constitutional questions to the *en banc* court of appeals within five days of the date of this opinion.

*So ordered.*

---

deprives the district court of authority to grant such relief based on a constitutional challenge to FECA. We hold only that the district court is without authority to enter final judgment on the merits of any constitutional challenge to the provisions of FECA brought by a party enumerated in section 437h.